UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID C. LETTIERI,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>MONDELEZ GLOBAL LLC,<br><br>　　　　　Defendant. | Civil Action No. 24-6254 (JXN) (CLW)<br><br>**MEMORANDUM OPINION**<br><br>&<br><br>**ORDER** |

**NEALS**, District Judge:

　　Before the Court is *pro se* Plaintiff David C. Lettieri's ("Plaintiff") complaint (ECF No. 1) (the "Complaint") and application to proceed *in forma pauperis* (ECF No. 1-1) (the "IFP Application"). As set forth below, Plaintiff's IFP Application is **GRANTED** and the Complaint is **DISMISSED** without prejudice.

　　1.　Upon submission of the IFP Application, the Complaint is subject to a *sua sponte* screening. 28 U.S.C. § 1915(e)(2). The Court may dismiss the Complaint if it "fails to state a claim on which relief may be granted[.]" § 1915(e)(2)(B)(ii). The Court applies the same standard of review as dismissal under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F.App'x 120, 122 (3d Cir. 2012). To survive dismissal, a complaint must contain sufficient factual matter to state a plausible claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

　　2.　The Court may also dismiss the Complaint for failure to comply with Rule 8. *Ruther v. State Kentucky Officers*, 556 F.App'x 91, 92 (3d Cir. 2014). Rule 8 requires that claims for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Thus, a complaint is dismissed when it "is so confused,

1

ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Ruther*, 556 F.App'x at 92 (citation and internal quotations omitted).  Here, the Complaint is dismissed because it does not comply with Rule 8 and fails to state a claim under § 1915(e)(2)(B)(ii).

3.  Plaintiff asserts claims for breach of contract and breach of the duty of care, as well claims under 21 U.S.C. §§ 343, 343-1, and 352, and New York's General Business Law §§ 344 and 350 related to "Halls cough drop[s]." (Compl. a 3)[1].  Based on the face of the Complaint, the claims are deficient because the pleading alleges no facts to state a claim.  For example, Plaintiff alleges only that the event that gave rise to the claims occurred in 2024 and took place at "Niagara county jail[.]" (*Id.* at 3).  The Complaint provides no further supporting facts, including how he obtained the cough drops, whether he ingested the same or simply read the nutritional value on the labeling, whether he continues to utilize the same, and/or how Defendant Mondelez Global LLC ("Defendant") is liable.

4.  The Complaint also does not suggest a cognizable injury.  Plaintiff alleges that he was injured because he does not "know what calories are in" the cough drops and, specifically, the amount of "[f]at, carbohydrates, protein[;]" and does not know whether the cough drops' "[f]lavors" are "[n]atural or artificial . . . ." (*Id.* at 3).  Such allegations do not give rise to a cause of action.  For example, the Complaint does not allege any steps and/or actions Plaintiff took beyond reading the nutritional value on the label.

5.  Finally, Plaintiff does not sufficiently allege diversity of citizenship.  This action is alleged using the using the form reserved for diversity actions. (*Id.* at 1).  Though Plaintiff alleges $75,000 in damages (*Id.* at 3), he does not allege how his use of cough drops results in injury or

---

[1] The Court refers to the ECF page numbers.

losses that total or exceed that amount. He also does not allege whether his citizenship or state of residence is diverse or different from that of Defendant. 28 U.S.C. § 1332(a).

6. Accordingly, because Plaintiff's Complaint does not comply with Rule 8 and fails to state a claim under § 1915(e)(2)(B)(ii), it is dismissed in its entirety *without prejudice*.

For all the foregoing reasons, it is hereby,

**ORDERED** that Plaintiff's IFP Application (ECF No. 1-1) is **GRANTED**; it is further

**ORDERED** that Plaintiff's Complaint (ECF No. 1) is **DISMISSED** *without prejudice*; it is further

**ORDERED** that Plaintiff may file an amended complaint within thirty (30) days of this Order to cure the deficiencies discussed herein; and it is further

**ORDERED** that the Clerk of Court shall **ADMINISTRATIVELY TERMINATE** this action subject to restoration to the active docket should Plaintiff file an amended complaint within the specified time.

DATED: 5/22/2024                                s/ Julien Xavier Neals
                                                **JULIEN XAVIER NEALS**
                                                United States District Judge