UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DAVID C. LETTIERI,<br><br>    Plaintiff,<br>v.<br><br>MONDELEZ GLOBAL LLC,<br><br>    Defendant. | Civil Action No. 24-6254 (JXN) (CLW)<br><br>**MEMORANDUM OPINION**<br>&<br>**ORDER** |

**NEALS**, District Judge:

Before the Court is *pro se* Plaintiff David C. Lettieri's ("Plaintiff") Amended Complaint ("Am. Compl.") (ECF No. 3), which is subject to *sua sponte* screening by the Court. 28 U.S.C. § 1915(e)(2). As set forth below, Plaintiff's Amended Complaint does not comply with the requirements of Rule 8 of the Federal Rules of Civil Procedure.

(1) Upon submission of the IFP Application, the Complaint is subject to a *sua sponte* screening. 28 U.S.C. § 1915(e)(2). The Court may dismiss the Complaint if it "fails to state a claim on which relief may be granted[.]" § 1915(e)(2)(B)(ii). The Court applies the same standard of review as dismissal under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F.App'x 120, 122 (3d Cir. 2012). To survive dismissal, a complaint must contain sufficient factual matter to state a plausible claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

(2) The Court may also dismiss the Complaint for failure to comply with Rule 8. *Ruther v. State Kentucky Officers*, 556 F.App'x 91, 92 (3d Cir. 2014). Rule 8 requires that claims for relief contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Thus, a complaint must be dismissed when it "is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Ruther*, 556

F.App'x at 92 (citation and internal quotations omitted). Here, the Amended Complaint is dismissed because it does not comply with Rule 8 and fails to state a claim under Section 1915(e)(2)(B)(ii).

(3)     On May 22, 2024, the Court granted Plaintiff's IFP application but dismissed Plaintiff's complaint (ECF No. 1) without prejudice for failure to comply with Rule 8 and failure to state a claim under § 1915(e)(2)(B)(ii). (ECF No. 2).

(4)     On June 21, 2024, Plaintiff filed an Amended Complaint related to "Halls cherry flavored cough drops." (ECF No. 3). Plaintiff asserts claims for breach of contract and breach of the duty of care, as well as claims under the Federal Food, Drug, and Cosmetic Act (FDCA), 21 U.S.C. § 301, *et seq.*, specifically, 21 U.S.C. §§ 343 ("Misbranded Food"), 343-1 ("National Uniform Nutrition Labeling"), and 352 ("Misbranded drugs and devices"). Additionally, Plaintiff alleges violations of New York's General Business Law §§ 349 and 350, which prohibits "[d]eceptive acts or practices in the conduct of any business, trade or commerce" and makes false advertising unlawful. N.Y. Gen. Bus. Law §§ 349, 350.

(5)     Having reviewed the Amended Complaint, Plaintiff fails to cure the deficiencies outlined in the Court's prior Memorandum Opinion & Order. (ECF No. 2). For example, while the Amended Complaint alleges he purchased the Halls cough drops on May 2, 2024, (Am Compl. at 1),[1] Plaintiff still fails to indicate "whether he ingested the same or simply read the nutritional value on the labeling, whether he continues to utilize the same, and/or how Defendant Mondelez Global LLC ("Defendant") is liable." (ECF No. 2 ¶ 3).

(6)     Additionally, the Amended Complaint does not allege a cognizable injury. Plaintiff alleges "there is no information of nutrion[al] fact[s] that is required by the Food and Drug

---

[1] The Court refers to the ECF page numbers.

2

[A]dmin[istration]. For example[,] fat, carbohydrates, protein, sugar, etc.[,]" that "there is no net weight on the package as required by law[,] and the package does not state whether "the flavor is natural or artificial." (Am. Compl. at 2). As the Court previously stated, "Such allegations do not give rise to a cause of action." (ECF No. 2 ¶ 4).

(7)     Moreover, the Federal Food, Drug, and Cosmetic Act (FDCA), 21 U.S.C. § 301, *et seq.*, does not grant a private right of action. *Frompovicz v. Niagara Bottling, LLC*, 313 F. Supp. 3d 603, 615 (E.D. Pa. 2018) ("[T]he FDCA does not contain a private right of action.") (citing *Buckman v. Plaintiffs' Legal Comm.*, 531 U.S. 341, 349 n.4 (2001) ("The FDCA leaves no doubt that it is the Federal Government rather than private litigants who are authorized to file suit for noncompliance with [FDA regulations].")). Thus, Plaintiff's claims under 21 U.S.C. §§ 343, 343-1, and 352 are precluded. However, Plaintiff's New York's General Business Law §§ 349 and 350 claims are not preempted by the FDCA. *See, e.g., Canale v. Colgate-Palmolive Co.*, 258 F. Supp. 3d 312, 323 (S.D.N.Y. 2017) (finding plaintiffs' claim that the defendant's representation of the whitening effects of its toothpaste violated GBL §§ 349, 350 was not preempted by FDCA since the federal and state requirements were identical).

(8)     Plaintiff does not sufficiently allege diversity of citizenship. Plaintiff now alleges he is a resident of New York and over $75,000 in damages. (Am. Compl. at 2, 5). However, he still fails to allege "how his use of [the Halls] cough drops resulted in injury or losses that total or exceed that amount." (ECF No. 2 ¶ 5).

(9)     Accordingly, because Plaintiff's Complaint does not comply with Rule 8 and fails to state a claim under § 1915(e)(2)(B)(ii), it is dismissed in its entirety without prejudice.

For all the foregoing reasons, it is hereby,

**ORDERED** that Plaintiff's for breach of contract and breach of the duty of care, as well as his claims under New York's General Business Law §§ 344 and 350 claims are **DISMISSED** *without prejudice*; it is further

**ORDERED** that Plaintiff's claims under 21 U.S.C. §§ 343, 343-1, and 352 in the Amended Complaint (ECF No. 3) are **DISMISSED** *with prejudice*; it is further

**ORDERED** that Plaintiff may file a second amended complaint within thirty (30) days of this Order to cure the deficiencies discussed herein; and it is further

**ORDERED** that the Clerk of Court shall **ADMINISTRATIVELY TERMINATE** this action subject to restoration to the active docket should Plaintiff file a second amended complaint within the specified time.

DATED: April 24, 2025

JULIEN XAVIER NEALS
United States District Judge

4